UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ABDUR-SHAKUR GHANI,**

      **Plaintiff,**          **CIVIL ACTION NO. 05-CV-71704-DT**

  vs.

                                **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**CARRON CALDWELL, et. al.,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** Plaintiff's Motion for a Temporary Restraining Order should be **DENIED** as Plaintiff has failed to satisfy the requirements of Fed. R. Civ. P. 65.

\*\*\*

      Plaintiff was allowed to proceed *informa pauperis* and filed the instant complaint on April 29, 2005 pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff filed a Motion for a Temporary Restraining Order and Preliminary Injunction which is now before the Court. In his motion for injunctive relief, Plaintiff alleges that he is a Buddhist and therefore seeks an Order directing MDOC officials to provide him with a strict vegan vegetarian meal consistent with his religious beliefs. For the following reasons, the Court recommends that Plaintiff's request for injunctive relief under Fed. R. Civ. P. 65 be denied.

### I. APPLICABLE LAW

      Federal Rule of Civil Procedure 65(b) provides guidelines for issuance of temporary restraining orders:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will

>   result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

The decision to grant or deny injunctive relief is within the sound discretion of the district court. *See Marchwinski v. Howard*, 309 F.3d 330, 333 (6th Cir. 2002); *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1067 (6th Cir. 1998)(internal citations omitted). A temporary restraining order and preliminary injunction require the same analysis. *Brown v. City of Detroit*, 715 F. Supp. 832, 834 (E.D. Mich. 1989)(citing *Mason County Medical Association v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977)).

When determining whether to issue injunctive relief, a district court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *American Civil Liberties Union of Ky. v. McCreary County, Ky.*, 354 F.3d 438, 445 (6th Cir. 2003) (quoting *Rock and Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 753 (6th Cir.1998)); *see also, Taubman Co. v. Webfeats*, 319 F.3d 770, 774 (6th Cir. 2003). A plaintiff bears a heavy burden of demonstrating his entitlement to injunctive relief. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002)("A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it."); *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000)("[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion.").

## II. DISCUSSION AND ANALYSIS

In the instant motion, Plaintiff claims that "[t]he Buddhism strict vegan diet is required as one

of the First Precepts" (Plaintiff's Motion for TRO, pg. 3, ¶ 27). Apparently, Defendants' previously denied Plaintiff's request for a strict vegan meal "based on [Plaintiff's] limited understanding of the concepts of Buddhism and the dietary requirements." (Plaintiff's Affidavit in support of Motion for TRO, pg. 3, ¶ 16). Thus, the parties disagree as to whether a strict vegan meal is required for Buddhist believers. Seemingly, Defendants concluded that the Buddhist faith does not require its followers to eat only a strict vegan diet. At this juncture, however, the Court need not resolve the parties' dispute but rather considers whether Plaintiff can prove a substantial likelihood of success on the merits of his free exercise claim under the First Amendment.

Having reviewed Plaintiff's instant motion and supporting documents, the Court concludes that Plaintiff has failed to carry his burden. In his Affidavit in Support of his Motion for TRO, Plaintiff alleges that:

> 35. [Plaintiff] is a [Mahayana] Buddhist.
>
> 36. Plaintiff has studied [Mahayana] Buddhism over 3yrs.
>
> 37. Plaintiff has learned through studying relevant Buddhism material that eating animal and or dairy products are forbidden and is a sin.

(Plaintiff's Affidavit in Support of TRO, pg. 5, ¶¶ 36-37). Other than his self-serving and conclusory statements, Plaintiff offers no proof or objective evidence that a strict vegan diet is required under the Buddhist faith. Essentially, the Court has nothing other than the parties' assertions as to whether the Buddhist faith requires a strict vegan diet. Plaintiff's assertions, however, fall far short of establishing a substantial likelihood of success on the merits of his free exercise claim. Without more, the Court declines to exercise its discretion of granting Plaintiff the extraordinary remedy of injunctive relief. Having failed to carry his burden of proof, Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction should be **DENIED.**

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 02, 2005                              s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Abdur-Shakur Ghani and Counsel of Record on this date.

Dated: August 02, 2005                              s/ Lisa C. Bartlett
                                                    Courtroom Deputy