UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GLYNN WELLS,**

       **Plaintiff,**             **CIVIL ACTION NO. 05-CV-71704-DT**

       **vs.**                     **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**CARRON CALDWELL,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**DAVE J. BURNETT,**

       **Defendants.**
_____/

### REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Defendants' Motion for Summary Judgment be **GRANTED IN PART and DENIED IN PART.**

\*\*\*

Plaintiff was allowed to proceed *informa pauperis* and filed the instant complaint on April 29, 2005 pursuant to 42 U.S.C. § 1983. The Honorable Bernard A. Friedman referred all pretrial proceedings to the undersigned on May 13, 2005. On June 24, 2006 Plaintiff filed an Amended Complaint adding counts under the Religious Land Use and Institutionalized Persons Act (RLUIPA) along with a Motion for Leave to File Amended Complaint. Because Defendants had not filed an answer at the time Plaintiff attempted to amend his complaint, the Court denied Plaintiff's motion as moot and accepted the Amended Complaint. Defendants filed the instant Motion for Summary Judgment on September 26, 2005. Plaintiff filed a response on October 7, 2005.

Plaintiff alleges that he is a Buddhist and is entitled to vegan meals consistent with his religious beliefs. Plaintiff alleges that Defendants violated rights conferred upon him by RLUIPA

and the First, Eighth, and Fourteenth Amendments by improperly discounting his religious beliefs and ignoring his requests for vegan meals. Plaintiff seeks damages and injunctive relief against both Defendants.

Plaintiff requested that he be placed on a vegan diet in August, 2004. Pursuant to Michigan Department of Corrections ("MDOC") policy, Plaintiff was interviewed by Defendant Caldwell, an MDOC chaplain, regarding his religious beliefs and the concomitant dietary requirements. Although the interview was apparently sound-recorded, the parties disagree about what actually took place during the interview. Plaintiff claims that he was asked only a few questions, and that his answers were repeatedly cut off by Defendant Caldwell. Defendants maintain that Plaintiff displayed little to no understanding of his claimed faith during open-ended questioning. Defendant has attached what it claims are Plaintiff's interview answers as Exhibit D to its Motion for Summary Judgment. Exhibit D is handwritten, unsigned, and contains what appear to be paraphrases of Plaintiffs' answers to three questions. Defendant Caldwell ultimately concluded that Plaintiff did not sincerely believe in a form of Buddhism requiring a vegan diet and recommended that MDOC deny Plaintiff's prison meal request.

Pursuant to MDOC policy, Defendant Caldwell's recommendation was referred to Defendant Burnett, an MDOC Special Activities Coordinator. Plaintiff objected to Caldwell's characterization of the interview and sent Defendant Burnett a written statement concerning his religious beliefs and practice. Citing MDOC policy, Defendant Burnett concluded that Plaintiff's oral responses were the more accurate measure of the Plaintiff's religious knowledge and sincerity, and denied Plaintiff's request for a vegan meal.

**STANDARD OF REVIEW**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits. *Ashbook v. Block*, 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

**ANALYSIS**

**I.     RUILPA Claims**

Defendants maintain that Plaintiff's RLUIPA claims should be dismissed for several reasons. First, they argue that RLUIPA simply does not apply to them because Defendants are not "recipients of federal funds" for purposes of the RLUIPA statute, and thus exempted from its coverage by 42 U.S.C. § 2000cc-1(b)(1)-(2).

> [RLUIPA] applies when "the substantial burden [on religious exercise] is imposed in a program or activity that receives Federal

> financial assistance," or "the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes." 42 U.S.C. § 2000cc-1(b)(1)-(2).

*Cutter v. Wilkinson*, 544 U.S. 709, 715-716 (2005) (*"Cutter II"*).

Every state, including Michigan, accepts federal funding for its prisons. *Id.* at n. 4. RLUIPA is a valid exercise of Congress' spending power and generally applies to the Michigan prison system. *Cutter v. Wilkinson,* 423 F.3d 579, 585 ("*Cutter III"*).

Defendants advance a related argument based on § 2000cc-1(b)(1)-(2). They claim that they are outside of RLUIPA's reach because § 2000cc-1(b)(1)-(2) works on contract principles and they are not parties to any contract with the federal government. Defendants' argument misinterprets the operation of Congress' spending and commerce clause authority. The commerce clause gives Congress the power to regulate not only activities arising out of contracts with the federal government, but also those activities that have substantial effects on interstate commerce. *See e.g., Gonzales v. Raich,* 545 U.S. 1 (2005).

Defendants also maintain they are entitled to summary judgment on Plaintiff's RLUIPA claims because his RLUIPA rights were not "clearly established" at the time Defendants denied his religious meal request. Defendants point out that, as government officials carrying out discretionary functions, they are entitled to qualified immunity and are therefore only liable in their personal capacities for violations of those federal rights that were clearly established at the time of the violation. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity, however, does not protect Defendants from an official capacity suit for injunctive relief. *See e.g., Flagner v. Wilkinson,* 241 F.3d 475 (2001).

At the time Defendants denied Plaintiff's vegan meal request (2004), the law of the Sixth Circuit was that RLUIPA was unconstitutional because it violated the First Amendment's Establishment Clause, and that it therefore conferred no rights on prisoners. *Cutter v. Wilkinson*, 349 F.3d 257 (6th Cir. 2003) (*"Cutter I"*). However, on May 31, 2005 the Supreme Court held that RLUIPA did not violate the establishment clause. *Cutter II,* 544 U.S. at 714. Thus, the rights conferred by RLUIPA were not clearly established in the Sixth Circuit before May 31, 2005. Summary judgment is appropriate as to Plaintiff's personal capacity RLUIPA count against Defendant Caldwell because his alleged violations of Plaintiff's RLUIPA rights – allegedly cutting Plaintiff off during the interview and misrepresenting the contents of that interview – occurred before May 31, 2005. Defendant Burnett's situation is different. Defendant Burnett's alleged violations of Plaintiff's rights are ongoing, as Plaintiff alleges that Defendant Burnett impermissibly refuses to reconsider his earlier decision, and qualified immunity does not protect Defendant Burnett from a RLUIPA suit for conduct occurring after May 31, 2005.

Defendants' Motion for Summary Judgment should be **DENIED** with respect to Plaintiff's official capacity RLUIPA claims against Defendant Caldwell and Burnett, and **DENIED** with respect to his personal capacity RLUIPA claim against Defendant Burnett for conduct occurring after May 31, 2005, and **GRANTED** with respect to the personal capacity claim against Defendant Caldwell.

## II.     Free Exercise Claims

Defendants also argue that Plaintiff's free exercise claim should be dismissed. As an initial matter, Defendants argue that Defendant Caldwell had no personal involvement with the denial of Plaintiff's request for a vegan diet. *See e.g., Bellamy v. Bradley,* 729 F.2d 416 (6th Cir. 1984).

Plaintiff alleges that Defendant Caldwell's interview was cursory, and that it was impossible for Plaintiff to show that he was sincere and knowledgeable about his religion. Defendants disagree with Plaintiff's characterization of the interview and include a sworn statement from Defendant Caldwell concerning the interview. In his statement, Defendant Caldwell does not directly deny Plaintiff's allegations, but alleges that, based on Plaintiff's answers to his questions, it was appropriate for him to conclude that Plaintiff's religious belief was not sincere. Defendant Caldwell apparently made an audio recording of his interview of Plaintiff, but Defendants have not included the recording in the record before the Court. Instead, Defendants have produced Caldwell's single page handwritten notes, which purport to summarize Plaintiff's responses to the interview questions. Based upon the record before this Court, it is impossible to tell what questions Plaintiff was asked, and how long he was given to respond to them. In short, Plaintiff alleges that he was not given a reasonable chance to prove the sincerity of his religious beliefs during the interview. Defendants disagree. Defendants are in possession of an audiotape that would likely shed light upon the issue, but have chosen not to bring that evidence before the Court. There remains a genuine dispute of material fact regarding the nature and adequacy of Defendant Caldwell's interview, and summary judgment on Plaintiff's Free Exercise claim against Defendant Caldwell is therefore inappropriate at this time.

Defendants also argue that summary judgment should be granted on Plaintiff's free exercise claim against Defendant Burnett because he is entitled to qualified immunity on that claim. As discussed above, Defendants' qualified immunity arguments cannot dispose of Plaintiff's official capacity claims for injunctive and declaratory relief. Defendant Burnett's decision to deny Plaintiff's religious meal request is subject to a test of "objective reasonableness." *Dietrich v.*

*Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). When a prisoner claims that his religion entitles him to special treatment, Prison officials are entitled to deference in their efforts to ascertain the sincerity of the prisoner's professed religion. *DeHart v. Horn*, 227 F.3d 47, 52 (3d Cir. 2000).

Here, Defendant Burnett relied on the recommendation of Defendant Caldwell, a prison chaplain, to determine that Plaintiff's religious belief was not sincere. Defendant Burnett's reliance on Defendant Caldwell's opinion was objectively reasonable, even if Defendant Caldwell's statement was inaccurate. Therefore, Defendants' Motion for Summary Judgment should be **GRANTED** with respect to Plaintiff's Free Exercise claim against Defendant Burnett.

### III. Eighth Amendment Claims

Plaintiff claims that Defendants' denial of his religious diet request violates the Eighth Amendment's prohibition on cruel and unusual punishment, because Plaintiff was denied adequate nutrition as a result. Generally, the Eighth Amendment prohibits punishments that involve the unnecessary and wanton infliction of pain. *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). An Eighth Amendment claim may succeed where a prisoner shows that the conditions of his confinement pose a substantial risk of serious harm to his health and safety. *Rhodes v. Chapman*, 452 U.S. 337, 379 (1981). Defendants are providing Plaintiff with nutritionally adequate meals. Plaintiff consciously chooses not to eat them. Plaintiff's religious decision not to eat meals containing meat or animal products may well be protected by the Free Exercise Clause of the First Amendment, but it is not protected by the Eighth Amendment. Plaintiff's Eighth Amendment claim fails as a matter of law.

Defendant's Motion for Summary Judgment should be **GRANTED** as to Plaintiff's Eighth Amendment claims.

### IV. Equal Protection Claims

Plaintiff alleges that Defendants have treated him differently from other Buddhist and Jewish inmates because he was not given a "questionnaire sheet" during his interview. Defendant Caldwell, in her written declaration, states that she treats all prisoners equally during the interview. Even if Plaintiff was not given a sheet generally given to other prisoners, his Equal Protection claim is essentially that he is a "class of one." Plaintiff's Equal Protection claim is that he has been discriminated against as a member of a non-suspect class, it must therefore be reviewed under the deferential rational basis standard of review. Given that there are legitimate penological interests for requiring a Plaintiff to orally demonstrate knowledge of his claimed religion before receiving a special diet, Defendants Motion for Summary Judgment should be **GRANTED** with respect to Plaintiff's Equal Protection claims.

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 14, 2006				s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE

### Proof of Service

I hereby certify that a copy of this Report and Recommedation was served upon Glynn Wells and Counsel of Record on this date.

Dated: June 14, 2006				s/ Lisa C. Bartlett
						Courtroom Deputy