UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUR-SHAKUR GHANI # 178200,

       Plaintiff,                                  Case No. 05-CV-71704
                                               HON. BERNARD A. FRIEDMAN
vs.
                                               MAG. MONA K. MAJZOUB

CARRON CALDWELL, et al.,

       Defendants.
_____/

**OPINION AND ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

This matter is presently before the Court on Magistrate Judge Mona K. Majzoub's June 14, 2006, Report and Recommendation ("R & R"). Magistrate Judge Whalen recommended that the Court grant in part and deny in part Defendants' Motion For Summary Judgment. Defendant, after requesting an extension of time to file its objections, filed a timely objection to the R & R. The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b) and will grant Defendants' Motion For Summary Judgment, in effect accepting in part and rejecting in part the Magistrate Judge's R & R.

Pro se Plaintiff Abdur-Shakur Ghani is a Buddhist inmate in the custody of the Michigan Department of Corrections and is confined to the Lakeland Correctional Facility in Coldwater, Michigan. The Defendants are Carron Caldwell, a Chaplain at the facility, and Dave J. Burnett, the facility's Special Activities Coordinator. The detailed facts and procedural history of this

case have been recounted by the Magistrate Judge and need not be repeated here.

This is an action under 42 U.S.C. § 1983.  Plaintiff alleges a wide variety of statutory and constitutional violations under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §2000cc and the First, Eighth and Fourteenth Amendments of the United States Constitution.  Every claim contained in Plaintiff's Amended Complaint regards Defendants' alleged refusal to provide him with vegan meals, which Plaintiff claims the exercise of his Buddhist beliefs requires.

## II.     ANALYSIS

### A.     RUILPA Claims

Defendants offer multiple arguments supporting their belief that Plaintiff's RLUIPA claims should be dismissed, including an argument that the RLUIPA does not apply to them because they are not "recipients of federal funds," that they are outside of RLUIP's reach because they are not parties to any contract with the federal government, and that Plaintiff's RLUIPA rights were not "clearly established" at the time his religious meal request was denied. The Magistrate Judge thoroughly analyzed each of these arguments, denying the first two, and granting in part the third.  Because of new information presented by Defendants, the Court will grant in full Defendants' Motion for Summary Judgment regarding Plaintiff's RLUIPA claims, based on Defendants' argument that Plaintiff's RLUIPA rights were not "clearly established" at the time his religious meal request was denied.

In 2004, when Defendants denied Plaintiff's vegan meal requests, the Sixth Circuit had held that the RLUIPA was unconstitutional because it violated the First Amendment's Establishment Clause.  <u>Cutter v. Wilkinson</u>, 349 F.3d 257 (6th Cir. 2003).  Accordingly, RLUIPS

did not confer any rights on prisoners. However, on May 31, 2005 the Supreme Court held that RLUIPA did not violate the establishment clause. Cutter v. Wilkinson, 544 U.S. 709 (2005). Accordingly, such rights were not established in the Sixth Circuit until May 31, 2005. As such, events occurring before such date do not confer RLUIPA liability on Defendants.

Defendant Caldwell's alleged violations of Plaintiff's RLUIPA rights occurred before May 31, 2005. Accordingly, RLUIPA claims against him must be dismissed.

Magistrate Judge Majzoub found that Defendant Burnett's alleged violations of Plaintiff's RLUIPA rights are ongoing, because Defendant Burnett refuses to reconsider his earlier decision to deny Plaintiff access to vegan meals. In his Objections, however, Defendant Burnett points out that injunctive relief, which Plaintiff seeks, is appropriate only where plaintiff can show a reasonable expectation that he is in immediate danger of sustaining direct future injury as the result of the challenged official conduct. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). Defendant Burnett then explains that a prisoner may resubmit a request to eat from a religious menu one year after his request is denied, which Plaintiff did. Plaintiff was approved for a strict vegetarian menu on February 9, 2006. Accordingly, because Plaintiff is no longer in immediate danger of having his rights violated, he may no longer seek injunctive relief, and Defendants' Motion for Summary Judgment is granted with respect to Plaintiff's personal and official capacity RLUIPA claims against Defendants.

  **B. Free Exercise Claims**

Plaintiff alleges that Defendant Caldwell's interview of Plaintiff regarding his religious beliefs was cursory, and did not allow Plaintiff to show that he was sincere and knowledgeable about his religion. In her R&R Magistrate Judge Majzoub found that there was a genuine

3

dispute of material fact regarding the nature and adequacy of Defendant Caldwell's interview of Plaintiff regarding his religious beliefs.  Magistrate Judge Majzoub based her findings on the fact that a purported audio tape of the interview as not presented to the court, and as such, there was a question of material fact regarding the interview.  In its objections, Defendant Caldwell states that the Magistrate Judge made an erroneous finding that such a tape exists.  Defendant Caldwell contends that the Magistrate Judge misconstrued the word "recorded" in Defendant's pleadings to mean an audio tape, when in fact Defendant meant "recorded" to mean "put in writing." Regardless, the Court finds that there still remains a genuine dispute of material fact regarding the nature and adequacy of Defendant Caldwell's interview.  The only documentary evidence of what took place during the interview is a one-page handwritten purported summation of the interview.  If that does, in fact, demonstrate the extent of the interview, a jury may very well determine that the interview was insufficient and violated Plaintiff's Free Exercise rights. Summary judgment as to Defendant Caldwell on this claim is denied.

Defendants also argue that summary judgment should be granted as to Defendant Burnett.  As Magistrate Judge Majzoub stated, Defendant Burnett's decision to deny Plaintiff's religious meal request is subject to a test of "objective reasonableness."  Dietrich v. Burrows, 167 F.3d 1007, 1012 (6th Cir. 1999).  Here, Defendant Burnett relied on the recommendation of Defendant Caldwell, a prison chaplain, to determine whether Plaintiff's religious beliefs were sincere.  Defendant Burnett's reliance on the prison chaplain's recommendation is objectively reasonable.  Therefore, Defendants' Motion for Summary Judgment should be granted with respect to Plaintiff's Free Exercise claim against Defendant Burnett.

    **C.**    **Eighth Amendment Claims**

Defendant's Eight Amendment claims are not valid.  The Eighth Amendment prohibits punishment that involves the unnecessary and wanton infliction of pain.  Hudson v. McMillan, 503 U.S. 1, 5 (1992).  An Eighth Amendment claim may succeed where a prisoner shows that the conditions of his confinement pose a substantial risk of harm to his health and safety.  Rhodes v. Chapman, 452 U.S. 337, 379 (1981).  Plaintiff can not maintain such a claim.  Defendants have provided Plaintiff with nutritionally adequate meals, and Plaintiff's choice not to eat them does not infer liability on Defendants.  Therefore, Defendants' Motion for Summary Judgment on Plaintiff's Eighth Amendment claims is granted.

### D.     Equal Protection Claims

Plaintiff's Equal Protection claim is that he has been discriminated against as a member of a non-suspect class, that of a practitioner of Buddhism.  As the Magistrate Judge noted, his claim must therefore be reviewed under the rational basis review standard.  Given that there are legitimate penological interests in requiring Plaintiff to orally demonstrate knowledge of his claimed religion before receiving a special diet, Defendants' Motion for Summary Judgment is granted on Plaintiff's Equal Protection Claims.

### III.    CONCLUSION

Accordingly, for the reasons stated above and in accordance with the terms stated above,

IT IS ORDERED that Defendant Caldwell's Motion for Summary Judgment on Plaintiff's Free Exercise claims is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment on all other of Plaintiff's claims is GRANTED.


Dated: September 18, 2006                    s/Bernard A. Friedman_____
       Detroit, Michigan                     BERNARD A. FRIEDMAN
                                             CHIEF UNITED STATES DISTRICT JUDGE


**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____
          Patricia Foster Hommel
       Secretary to Chief Judge Friedman**