# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**GLYNN WELLS,**

       **Plaintiff,**          **CIVIL ACTION NO. 05-CV-71704-DT**

vs.

                                   **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**CARRON CALDWELL,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendant Caldwell's Second Motion to Dismiss For Failure to Prosecute or Cooperate (docket no. 61) should be **GRANTED**, and this action should be dismissed.

**II.**    **REPORT:**

     *A.*    *Facts and Procedural History*

This is a civil rights action filed by Plaintiff, a state prisoner, pursuant to 42 U.S.C. § 1983 against Defendant Caldwell, prison chaplain at St. Louis Mid-Michigan Correctional Facility (SLF), and Defendant Burnett, the Special Activities Coordinator of the Michigan Department of Corrections. Plaintiff claims that as a Buddhist he must eat strictly vegetarian meals and that Defendants have denied him such meals. As a result, Plaintiff claims that he lost about 20 pounds in less than 3 months. He contends that Defendants thus violated several of his constitutional rights and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Defendants previously filed a Motion for Summary Judgment which was partially granted. As a result, Defendant Caldwell is the only remaining Defendant. (Docket no. 42). The only remaining claim is that Defendant Caldwell violated Plaintiff's right to the free exercise of his religion under the First Amendment by conducting an insufficient interview of

Plaintiff which formed the basis of the information that Defendant Burnett later relied upon to deny Plaintiff's request for vegetarian meals. (*Id.*).

Defendant Caldwell has now filed her second Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) alleging that Plaintiff has failed to provide an acceptable medical release form so that Defendant may have access to Plaintiff's medical records. Defendant's first Motion to Dismiss (docket nos. 54, 57) was granted to the extent that Plaintiff was ordered to sign an unredacted copy of the medical release form that Defendant sent to him. (Docket no. 59). Specifically, this Court ordered Plaintiff within 3 days of his receipt of the form to sign the unredacted release form and return it to Defendant's counsel. (*Id.*) Plaintiff was warned in that Order that his failure to comply might result in the dismissal of this action. (*Id.*) Defendant's counsel states that he sent another copy of the release form to Plaintiff on April 27, 2007 along with a copy of the Court's Order. (Docket no. 61, ex. A). Plaintiff has not returned the form. (Docket no. 61 at 3).

Plaintiff has not filed a Response to Defendant's motion. Pre-trial matters have been referred to the undersigned for consideration. (Docket no. 12). Defendant Caldwell's motion is therefore ready for ruling.

    B.    *Governing Law*

Rule 41(b), Fed. R. Civ. P., allows a defendant to move for dismissal of the action based on the failure of the plaintiff to prosecute or to comply with the rules or any order of the court. Fed. R. Civ. P. 41(b). In deciding whether to dismiss a case the court looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's conduct; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.,* 138 F.3d 612, 615 (6th Cir. 1998). Dismissing a claim for failure to prosecute is

a harsh sanction appropriate only in extreme situations showing a clear record of delay or contumacious conduct by the plaintiff. *Id.* at 614-15.

C. *Analysis*

Defendant shows that she has sent Plaintiff medical releases to sign, but Plaintiff has failed to return them without substantial changes. Defendant sent a release form on January 3, 2007. This release form authorizes the Michigan Department of Corrections Medical Records Custodian to furnish the Attorney General's office all information regarding Plaintiff's medical condition from January 1, 2004 to the present. (Docket no. 58, ex. 3).[1] The release also waives any doctor-patient privilege. (*Id.*)

Plaintiff returned the medical release form dated January 27, 2007 with many alterations. (Docket no. 58, ex. 2). By way of example, Plaintiff altered the form and refused to authorize the release of information to anyone other than Assistant Attorney General Thurber. The form as originally sent to Plaintiff authorized the release to any associate or representative of Thurber. Plaintiff also altered the form to eliminate the authorization for release of any mental or dental conditions. He also refused to authorize the release of information concerning his mental status. Plaintiff authorized the release of information for the period beginning in June rather than January 2004. Further, Plaintiff refused to waive any doctor-patient privilege that might apply to this information. He also refused to authorize the re-disclosure of this information.

On February 1, 2007, Defendant again sent Plaintiff the same medical release form that she had previously sent and asked him to sign it without alteration. (Docket no. 58, ex. 1). Defendant explained to Plaintiff in this letter that he had put his medical condition at issue because he claimed in his

---

[1] The exhibits for docket no. 54 were inadvertently not filed with the motion and were later filed under docket no. 58.

deposition that his weight declined substantially due to his not receiving a vegan diet. Defendant told Plaintiff that if he did not return the form, Defendant would file a motion to dismiss. (*Id.*) Plaintiff wrote a letter to Defendant's counsel dated March 21, 2007. (Docket no. 57). In this letter Plaintiff states that he has given the secured party, Glynn-Lateral:Wells©, ownership of Plaintiff's medical records and other things. Plaintiff states in this letter that he only authorizes use of his medical records which are not crossed out in the release form in this lawsuit "in Secured Party's presence." Plaintiff thus appears by this letter to limit even further Defendant's use of his medical records.

On April 27, 2007 this Court ordered Plaintiff to sign an unredacted copy of the release form sent to him by Defendant, as stated earlier. (Docket no. 59). Plaintiff, by not filing a response to this motion, has not challenged Defendant's showing that on that same date counsel sent to Plaintiff another form and a copy of the Court's Order. It is also undisputed that Plaintiff has not returned a signed release form to Defendant's counsel.

Plaintiff's conditions on the use of his medical information are not justifiable. He has limited release to one specific attorney in the Attorney General's office, refused to waive doctor-patient privilege with respect to the information, and apparently has limited use of his medical records to use in his or the Secured Party's presence. Plaintiff has clearly put his medical condition at issue in this case. His Amended Complaint claims that he lost substantial weight from August until November 2004 because he was not eating the non-Buddhist food being offered to him. (Amended Complaint, ¶¶ 59-72). Plaintiff seeks damages for physical injury sustained as a result of his not being immediately afforded a vegan diet. (*Id.* p. 14). Therefore, his prison medical records are relevant because they would likely show the extent and cause of Plaintiff's weight loss.

The question remains, however, whether this case should be dismissed due to Plaintiff's refusal to give Defendant access to his medical records and other information. Discovery closed in this case

on April 9, 2007. Dispositive motions were to be filed by June 8, 2007. Therefore, Defendant has been prejudiced due to the lack of this information which might be used to support a dispositive motion. Also, Plaintiff is acting willfully and without justification. Plaintiff has by this Court's Order of April 27, 2007 been warned that failure to sign and return the medical release form without alteration may result in dismissal of his case. The Court has already imposed a less drastic remedy when the Court granted in part Defendant's first motion to dismiss which was to order Plaintiff to sign the medical release form. Accordingly, dismissal of this action is the appropriate action to take in the face of Plaintiff's lengthy history of delay and contumacious conduct. *See Stough*, 138 F.3d at 614-15.

### III.  NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the

objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: August 01, 2007          s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Glynn Wells and Counsel of Record on this date.

Dated: August 01, 2007          s/ Lisa C. Bartlett
                                                        Courtroom Deputy