UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GLYNN WELLS,

        05-71704

    Plaintiff,

        HON. BERNARD A. FRIEDMAN

v.

CARRON CALDWELL, et al.,

    Defendants.
_____/

### ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE MAJZOUB'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE OR COOPERATE

**Introduction**

    Plaintiff, a state prisoner, filed this civil rights action pursuant to 42 U.S.C. s. 1983. Plaintiff claims that as a Buddhist, he must eat strictly vegetarian meals, which Defendants have denied him. He contends that denial of vegetarian meals violates several of his constitutional rights, as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA").

    The previous granting of an earlier motion for summary judgment leaves only Carron Caldwell as the remaining defendant. The only remaining claim is that Defendant violated Plaintiff's right to the free exercise of his religion under the First Amendment by conducting an insufficient interview of Plaintiff, which was used in the later denial of Plaintiff's request for vegetarian meals.

    Before the Court is Defendant's motions to dismiss pursuant to Fed. R. Civ. P. 41(b) alleging that Plaintiff has failed to provide an acceptable medical release form so that Defendant may access Plaintiff's medical records. Defendant's first motion was filed on March 16, 2007,

followed with a supplemental motion to dismiss on March 29, 2007. Plaintiff did not file a response to either motion. Magistrate Judge Majzoub subsequently issued a report and recommendation ("R&R") that Defendant's motion to dismiss be granted, to the extent that Plaintiff should be ordered to sign a medical release form without alteration, and otherwise be denied. Magistrate Judge Majzoub issued an additional order directing Plaintiff to sign the medical release form. Plaintiff did not file an objection to the R&R, and did not sign the medical release form. On May 15, 2007, Defendant filed a second motion to dismiss for failure to prosecute or cooperate.

## Analysis

Defendant's motions to dismiss were filed pursuant to Federal Rule of Civil Procedure 41(b), which allows a defendant to move for dismissal of the action based on the failure of the plaintiff to prosecute or comply with the Federal Rules of Civil Procedure, or with any order of the court. The Court looks to four factors for guidance in deciding whether to dismiss a case: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's conduct; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Stough v. Mayville Community Schools, 138 F.3d 612, 615 (6th Cir. 1998).

Here, all factors are met, and dismissal is warranted. First, the Magistrate Judge specifically issued an order compelling plaintiff to sign an unredacted copy of his medical release, which he has failed to do. Second, such failure to permit Defendant to obtain copies of Plaintiff's medical records, when Plaintiff claims physical injury sustained as a result of his not being afforded a vegetarian diet, directly prejudices Defendant's ability to defend itself against

Plaintiff's claims. In addition, the motion cut-off date has passed, and Defendant has been unable to file relevant dispositive motions, as it has not had access to relevant evidence. Third, Magistrate Judge Majzoub's R&R warned Plaintiff that failure to cooperate could lead to dismissal. Finally, less drastic sanctions were considered before dismissal was ordered. In fact, even after Plaintiff repeatedly refused to provide an unredacted medical release to Defendant, Magistrate Judge Majzoub still gave Plaintiff yet another opportunity to provide such release, rather than granting Defendant an outright dismissal.

Accordingly, the Court finds that dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

**Order**

Accordingly,

IT IS ORDERED that Magistrate Judge Majzoub's Report and Recommendation dated April 27, 2007 is ACCEPTED and ADOPTED.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss for Failure to Prosecute is GRANTED.

Date: July 31, 2007            s/Bernard A. Friedman_____
HON. BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

    **/s/ Patricia Foster Hommel_____
Patricia Foster Hommel
Secretary to Chief Judge Friedman**